IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NELSON RIOS, | ) |
| | ) |
| Plaintiff, | ) Court No. |
| | ) |
| vs. | ) |
| | ) Judge: |
| GLOBAL EXCHANGE VACATION CLUB, | ) |
| GLOBAL EXCHANGE DEVELOPMENT | ) |
| CORP., and RESORT VACATIONS IL, | ) |
| | ) |
| Defendants. | ) JURY DEMAND |

## COMPLAINT

    NELSON RIOS, by and through his counsel, brings this action against the Defendants arising from the unlawful solicitations and telephone calls that Defendants made to Plaintiff in disregard and violation of well-established Federal and Illinois laws prohibiting such calls, and other unlawful activities of Defendants.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1331 (Interstate Commerce); and over the TCPA claims pursuant to 47 U.S.C. § 227 ("TCPA") and 28 U.S.C. § 1367. Venue and personal jurisdiction over Defendant in this District is proper because:
   a. Plaintiff resides in the District;
   b. Defendant maintains an office in the District;
   c. Defendant transacts business in the District via the telephone lines; and
   d. Defendant's solicitation and calling activities complained of occurred within the District.

### THE PARTIES

2. Plaintiff NELSON RIOS resides in the Northern District of Illinois and maintains a mobile/cellular telephone. Plaintiff is a protected person as defined by the Telephone Consumer Protection Act.

3. At all times relevant hereto and upon information and belief, Defendants Global Exchange Development Corp. (A Nevada corporation), Global Exchange Vacation Club and Resort Vacations IL (collectively "Global") are for profit entities. Global is involved in the business of marketing and selling vacation ownership and exchange services to consumers in Cook County Illinois through the use of advertising telephone calls placed to consumers, including Plaintiff. Its own website describes Global as "one of the most trusted names in the vacation ownership and exchange industry." Global maintains an office located at 550 Warrenville Road, Lisle, IL 60532-4311.

LAW

4. Defendants are subject to, and required to abide by, the laws of the United States and the State of Illinois, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

FACTUAL BACKGROUND

5. Upon information and belief, Global uses a software/hardware system that has the capacity to make automated calls, to store numbers and to permit its agents to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Dialer".

6. Upon information, it is a practice of Global to use or operate an Automatic Dialer.

7. Having equipment with the capacity of an Automatic Dialer, Global placed numerous calls to Plaintiff.

8. The Telephone Consumer Protection Act, 47 U.S.C. § 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA § 227(b)(A)(iii).

9. Global made a telephone calls to plaintiff's mobile phone using equipment with the capacity to be an automatic telephone dialing service as proscribed by the TCPA.

10. In making said calls, Global intentionally, wilfully and recklessly disregarded the TCPA in calling Plaintiff.

11. Plaintiff had never given Global consent to contact him.

12. On February 4, 2013 at approximately 5:41 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

13. During and/or in regard to the February 4, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number;
    c) Failed to state at the beginning of the call that the purpose was to make a sale; and
    d) Failed to agree to place Plaintiff on its "do not call" list.

14. On March 8, 2013 at approximately 6:56 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

15. During and/or in regard to the March 8, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number;
    c) Failed to state at the beginning of the call that the purpose was to make a sale; and
    d) Failed to agree to place Plaintiff on its "do not call" list.

16. On March 10, 2013 at approximately 6:42 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

17. During and/or in regard to the March 10, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

18. On March 18, 2013 at approximately 4:27 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

19. During and/or in regard to the March 18, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

20. On March 20, 2013 at approximately 5:17 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

21. During and/or in regard to the March 20, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

22. On May 2, 2013 at approximately 4:40 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

23. During and/or in regard to the May 2, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

24. On June 18, 2013 at approximately 7:43 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

25. During and/or in regard to the June 18, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

26. On July 19, 2013 at approximately 7:44 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Matt. This call was placed without Plaintiffs prior express permission.

27. During and/or in regard to the July 19, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

28. On September 16, 2013 at approximately 8:42 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Kevin. This call was placed without Plaintiffs prior express permission.

29. During and/or in regard to the September 16, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number;
    c) Failed to state at the beginning of the call that the purpose was to make a sale; and
    d) Requested the policy and it was not sent.

30. On September 25, 2013 at approximately 7:14 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone refused to identify herself. This call was placed without Plaintiffs prior express permission.

31. During and/or in regard to the September 25, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number;
    c) Failed to voluntarily state the calling entity's address; and
    d) Failed to state at the beginning of the call that the purpose was to make a sale.

32. On September 26, 2013 at approximately 7:00 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as Louis. This call was placed without Plaintiffs prior express permission.

33. During and/or in regard to the September 26, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

34. On October 3, 2013 at approximately 5:56 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone identified himself as John. This call was placed without Plaintiffs prior express permission.

35. During and/or in regard to the October 3, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number;
    c) Failed to voluntarily state the calling entity's address; and
    d) Failed to state at the beginning of the call that the purpose was to make a sale.

36. On October 4, 2013 at approximately 5:10 p.m., one or more of Global's representatives and agents caused to be placed a call to Plaintiffs mobile telephone number for the commercial purpose of soliciting vacation property sale and exchange. The individual on the phone refused to identify himself. This call was placed without Plaintiffs prior express permission.

37. During and/or in regard to the October 4, 2013 call, Defendants willfully:
    a) Failed to voluntarily state the calling entity's duly registered full business name;
    b) Failed to voluntarily state the calling entity's telephone number; and
    c) Failed to state at the beginning of the call that the purpose was to make a sale.

38. Whenever possible, Plaintiff expressly instructed Global's representatives to not call him again, that he was already on the government do-not-call list, and to place him on their own internal do-not-call list. Often times, the representatives simply hung up on Plaintiff once he began asking questions.

39. Each of Defendants' calls to Plaintiffs mobile phone was an "unsolicited advertisement," as defined in the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(5).

40. Upon information and belief, Defendants and their representatives and agents acted with a common plan, scheme or design with others to place the calls to Plaintiffs mobile telephone number.

41. Upon information and belief, Defendants cooperated in, directed, authorized, requested, aided, encouraged, ratified and/or adopted the acts of the agents and/or representatives who placed the calls to Plaintiffs mobile phone.

42. Defendants and their agents and representatives acted of their own free will in engaging in the foregoing activities, and intended to contact Plaintiff by telephone numerous times to solicit the sale of Defendants' consumer goods or services.

43. Upon investigation, Plaintiff uncovered the Defendants identifying information and sent an emails on June 23, 2013 and August 18, 2013 which, among other things, demanded that Defendants discontinue calling him. Defendants did not respond to the email and continued calling.

45. The Telephone Consumer Protection Act provides for actual damages or $500.00, whichever is greater pursuant to 47 USC 227b(3)(B) and for treble damages for a willful or knowing violation pursuant to 47 USC 227b(3).

46. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone when it was aware of the prohibitions set forth in the Telephone Consumer Protection Act.

47. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.


PLAINTIFF"S CLAIMS


COUNT I
February 4, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count I.

48. In placing the February 4, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT II
### March 8, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count II.

48. In placing the March 8, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT III
### March 10, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count III.

48. In placing the March 10, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT IV
### March 18, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count IV.

48. In placing the March 18, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

### COUNT V
### March 20, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count V.

48. In placing the March 20, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT VI
### May 2, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count VI.

48. In placing the May 2, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT VII
### June 18, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count VII.

48. In placing the June 18, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

## COUNT VIII
### July 19, 2013 - Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count VIII.

48. In placing the July 19, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)( and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

COUNT IX
September 16, 2013 - Violation of the TCP A and TCP A Regulations

1-47.   Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count IX.

48.   In placing the September 16, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(I)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49.   In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

50.   In placing this call to deliver a telephone advertising solicitation call to Plaintiffs, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

COUNT X
September 25, 2013 - Violation of the TCP A and TCP A Regulations

1-47.   Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count X.

48.   In placing the September 25, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(I)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49.   In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiffs, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

## COUNT XI
September 26, 2013 - Violation of the TCP A and TCP A Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count XI.

48. In placing the September 26, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(I)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiffs, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

## COUNT XII
October 3, 2013 - Violation of the TCP A and TCP A Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count XII.

48. In placing the October 3, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(I)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiffs, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

### COUNT XIII
### October 4, 2013 - Violation of the TCP A and TCP A Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count XIII.

48. In placing the October 4, 2013 call to deliver a telephone advertising solicitation call to Plaintiff, without having Plaintiffs prior express consent, Defendants willfully violated 47 U.S.C. §227(b)(I)(B) and 47 C.F.R. §64.1200(a)(2) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

49. In placing this call to deliver a telephone advertising solicitation call to Plaintiff, without providing to Plaintiff voluntarily during the course of the call the caller's registered full entity name, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(I) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

50. In placing this call to deliver a telephone advertising solicitation call to Plaintiffs, without providing to Plaintiff voluntarily during the course of the call the caller's telephone number, Defendants willfully violated 47 U.S.C. §227(b)(3)(B) and (d)(3)(A); 47 C.F.R. §64.1200(b)(2) and (d)(4) and Plaintiff is entitled to an award of statutory treble damages in the amount of$1,500.

### COUNT XIV
### Violation of the TCPA and TCPA Regulations

1-47. Plaintiff incorporates paragraphs 1-47 above, as if fully rewritten herein, as paragraphs 1-47 of this Count XIV.

48. In failing to send their Do-Not-Call Maintenance Policy to Plaintiff upon his demand, Defendants willfully violated 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(\) and Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing Causes of Action against Defendants:

A. For Plaintiff's Counts I - XIII, an award of statutory damages for each of Defendant's violations of the TCPA and an award of statutory trebled damages for each of Defendant's knowing and/or willful violations of the TCPA;

B. For Plaintiff's Count XIV, an award of statutory damages for each of Defendant's violations of the TCPA and an award of statutory trebled damages for each of Defendant's knowing and/or willful violations of the TCPA.

C. For all the foregoing causes of action a cumulative award against all Defendants, jointly and severally, in favor of Plaintiff, plus costs, interest and attorneys' fees.

D. A permanent injunction against Defendants prohibiting them from soliciting Plaintiff via a telephone call in violation of any of the FCC's TCPA regulations.

E. All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,
NELSON RIOS

By: /s/ Andrew J. Cohen
One of his Attorneys

Andrew J. Cohen (#6215895)
Marshall J. Burt
77 West Washington Street
Suite 1300
Chicago, IL 60602
Tel (312) 419-1999
Fax (312) 419-1996